**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STANLEY SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:11-CV-986 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| UNION PACIFIC RAILROAD, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a motion filed by Union Pacific Railroad ("Defendant") to dismiss Plaintiff Stanley Smith's complaint [1] pursuant to Federal Rule of Civil Procedure 12(b)(6) [11]. For the reasons stated below, Defendant's motion to dismiss [11] is granted and Plaintiff's complaint is dismissed with prejudice.

**I.  Background**[1]

    **A.  Facts from Complaint**

In his two-count complaint, Plaintiff alleges that Defendant discriminated against him on the basis of his disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. Sec. 12101, *et seq*.

After successfully completing all necessary training and qualifications, Plaintiff began working for Union Pacific Railroad as an engineer in or around 1998. ¶¶ 10-11. In or around 1999, Plaintiff underwent treatment for alcoholism, sponsored by Defendant, and returned to work thereafter. ¶¶ 12-13. In 2005, Plaintiff voluntarily entered an out-patient alcoholism treatment program at Rush Behavioral with Defendant's approval, recommendation, and

---

[1] For purposes of Defendant's motion, the Court assumes as true all well-pleaded allegations set forth in the complaint. See, *e.g.*, *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). Unless otherwise specified, all citations in this section correspond to Plaintiff's complaint [1].

financial support (Defendant paid for Plaintiff's treatment program through its insurance). ¶ 14. Plaintiff was not allowed to work during the duration of the program. ¶ 14. The complaint suggests that Plaintiff and Defendant had an agreement whereby Plaintiff would be allowed to return to work upon successful completion of the treatement program. Plaintiff successfully completed his treatment in 2006. ¶ 15. Plaintiff then sought to return to work but was not allowed to do so. ¶ 16. Plaintiff alleges that he was still qualified for his position as an engineer and could perform his duties with or without reasonable accommodations but was not allowed to return to work solely because of his alcoholism. ¶¶ 17-20. Smith was not fired. Rather, Defendant kept Smith on the payroll, but refused to allow him to work. See ¶ 20 ("From 2006 until July of 2010, Union Pacific refused to allow Smith to return to work citing no other reason than his alcoholism.").

Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 7, 2009 stating that "Since 2005, I have been subjected to different terms and conditions of employment other than my coworkers, and have not been reinstated back to work." (Ex. 1 to Pl. Cmplt.). In his EEOC charge, Plaintiff alleged that the discrimination took place on March 31, 2009. *Id.* The EEOC issued Plaintiff a notice of right to sue on November 18, 2010. (Ex. 2 to Pl. Cmplt.).[2]

In his two count complaint, Plaintiff asserts claims under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*[3] Plaintiff alleges that he has a history of a physical and mental impairment as part of his alcoholism as defined by the ADA and that Defendant has violated the ADA by denying Plaintiff an equal opportunity for employment because of disability. ¶ 25.

---

[2] The Court considers the EEOC charge and the right to sue letter to be part of the complaint for all purposes. See Fed. R. Civ. P. 10(c).

[3] The Court has subject matter jurisdiction under 28 U.S.C. § 1391(b) since this action is brought under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

Plaintiff alleges that Defendant's refusal to allow him to return to work was a malicious or reckless violation of the ADA ¶ 29.

### B. Plaintiff's Affidavit

Plaintiff has attached an affidavit to his Response to Defendant's Motion to Dismiss [15]. In that affidavit, Plaintiff attempts to explain why he waited so long to bring the instant lawsuit. Plaintiff states that he "believed [his] treatment for alcoholism that began in 2006 was necessary and needed before [he] could return to work as an engineer for [Defendant]" which led him to continue his treatment for four years. (Pl.'s Affidavit at ¶ 5). Plaintiff states that "[i]t was not until 2010 that I was advised I had successfully completed my treatment for alcoholism *years prior*." (*Id.* at ¶ 7) (emphasis added). Plaintiff further states that "[i]n the fall of 2010, [he] was advised by a physician at Rush Hospital that [his] continued treatment was unnecessary and Union Pacific's refusal to allow [him] to return to work was improper." (*Id.* at ¶ 8). Plaintiff states that he "did not believe [that he] was harmed by [Defendant's] refusal to allow [him] to return to work until fall of 2010" and, upon "realizing that [he] was injured" by Defendant, immediately filed a claim with the EEOC. (*Id.* at ¶¶ 10-11).

## II. Legal Standard on Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F. 2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The factual allegations in the complaint must be sufficient

to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 569 n.14). In other words, the pleading must allege facts that plausibly suggest the claim asserted. *Twombly*, 550 U.S. at 570. "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the * * * claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original). As noted above, the Court accepts as true all well-pleaded facts alleged by Plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

## III. Analysis

Defendant has moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that it is time-barred. The Court will explain below why this lawsuit certainly is time-barred. But first, the Court must determine what facts it may consider in deciding the instant motion.

When ruling on a Rule 12(b)(6) motion to dismiss, the Court must limit its consideration to the pleadings alone. See Fed. R. Civ. Proc. 12(b)(6); *Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010). For purposes of a Rule 12(b)(6) motion, the Seventh Circuit has held that the pleadings "consist generally of the complaint, any exhibits attached to, and supporting briefs." *Thompson v. Ill. Dept. of Professional Regulations,* 300 F.3d 750, 753 (7th Cir. 2002). More specifically, "the facts asserted in the memorandum filed in opposition to the motion to dismiss, but not contained in the complaint, are relevant to the extent that they could be proved consistent

4

with the allegations." *Evans v. U.S. Postal Service,* 428 F. Supp. 2d 802, 805 (N.D. Ill. 2006) (quoting *Dausch v. Ryske,* 52 F.3d 1425, 1428 n. 3 (7th Cir. 1994)). However, "additional information in the response that is inconsistent with the complaint, expands the plaintiff's case, or concerns new claims and new topics" cannot be considered. *Anzaldua v. Chicago Transit Auth.,* 2002 WL 31557622, at *2 (N.D. Ill. Nov. 15, 2002). Applying these principles, this Court may consider facts presented in Plaintiffs' response to Defendant's motion to dismiss (and the affidavit attached thereto) as part of the "pleadings" only if those facts are consistent with the allegations in the complaint.

Here, Plaintiff's affidavit certainly contains new facts that he did not plead in his complaint. However, the additional allegations only add color to and explain Plaintiff's complaint. Accordingly, the Court may consider the affidavit. Furthermore, as the new facts only offer additional support for the conclusion that this lawsuit is time-barred, Defendants certainly suffer no prejudice from the Court's consideration of those facts.

The Court now moves on to the merits of Defendant's motion. In Illinois, an employee may sue under the ADA only if he files a charge of discrimination with the EEOC within 300 days "after the alleged unlawful employment practice occurred." *Stepney v. Naperville School District 203*, 392 F.3d 236, 239 (7th Cir. 2004) (citing 42 U.S.C. § 2000e-5(e)(1), incorporated by 42 U.S.C. § 12117(a)).[4] The first step in determining when the 300-day filing period begins

---

[4] Because the ADA's enforcement provision expressly incorporates § 2000e-5 of Title VII, claims for discrimination under the ADA also must be filed within the time limits for Title VII claims. See 42 U.S.C. § 12117(a). Accordingly, cases interpreting Title VII's timing provisions are applicable to the instant analysis. The 300 day time limit imposed on an ADA plaintiff "operate[s] akin to [a] statute of limitation, rather than as a jurisdictional requirement [ ]." *Delgado v. Certified Grocers Midwest*, *Inc.*, 2006 WL 2873215, at *2 (N.D. Ill. Oct.5, 2006) (citing *Rennie v. Garrett*, 896 F.2d 1057, 1062 (7th Cir. 1990); *Zipes v. Trans World Airlines*, *Inc.*, 455 U.S. 385, 393 (1982)). In general, a statute of limitations defense is an affirmative defense that is not susceptible to disposition on a Rule 12(b)(6) motion to dismiss. However, "a statute of limitations defense [raised in a motion to dismiss] is appropriate where, [as here,] 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative

to run "requires [courts] to identify precisely the 'unlawful employment practice'" of which the plaintiff complains. *Hamilton v. Komatsu Dresser Industries, Inc.*, 964 F.2d 600, 603 (7th Cir. 1992) (quoting *Delaware State College v. Ricks*, 449 U.S. 250, 257 (1980)). The Supreme Court teaches that for the mine run of cases, an "unlawful employment practice" is a "discrete act" such as when an employer fires an employee or cuts his or her pay for an improper reason. See *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110-111 (2002).

Here, finding the "unlawful employment practice" of which Plaintiff complains is straightforward because Plaintiff identifies it. The subject of this suit is "Union Pacific['s] refus[al] to allow Smith to return to work in 2006" because of his alcoholism. Cmplt. ¶ 25; see also *id.* ¶ 29. Plaintiff did not file his charge with the EEOC until October 7, 2009. Accordingly, if the claim accrued in 2006, Plaintiff's lawsuit would be time barred.

Plaintiff argues that his complaint is timely because of the "discovery rule." This rule of federal common law "postpones the beginning of the limitations period from the date when the plaintiff is wronged to the date when he discovers he has been injured." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990). Plaintiff argues that he did not "discover" that he had been wronged until the "fall of 2010," at which time a doctor told him that he had essentially been "cured" back in 2006, and could have returned to work years earlier. (Pl.'s Affidavit ¶¶ 5-11).

Reliance on the "discovery rule" does not save Plaintiff's complaint. Crucially, Plaintiff admits that he was aware that Defendant denied his return to work in 2006. But Plaintiff argues that he did not learn that that decision was wrongful until 2010. This sort of argument is

---

defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations.'" *Adonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)) see also *Owens v. City of Chicago*, 2009 WL 2778079, at *5 (Aug. 31, 2009). Plaintiff does not argue that Defendant's "statute of limitations" defense may not be considered in this motion to dismiss.

6

squarely foreclosed by controlling precedent. *Sharp v. United Airlines, Inc.*, 236 F.3d 368, 372 (7th Cir. 2001) ("The 300-day limit, we have stated, begins to run when the defendant has taken the action that injures the plaintiff and when the plaintiff knows she has been injured not when she determines that the injury was unlawful.") (internal quotations, brackets, and citations omitted). Plaintiff knew that he had been refused a return to work in 2006; his claim accrued at that time. *Id.*; see also *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 (7th Cir. 1995) (collecting cases and rejecting argument that a plaintiff's claim accrued when he discovered that he had been replaced by a much younger employee and began to suspect that he was the victim of discrimination). Further, as Defendant points out, the fact that Defendant continued to refuse to allow Plaintiff to work between 2006 and 2010 does not render the claim timely. See *Stepney*, 392 F.3d at 240 (an employer's "failure to remedy an unlawful employment action is not a discrete actionable violation"); *Lever v. Northwestern Univ.,* 979 F.2d 552, 556 (7th Cir. 1992) ("An employer's refusal to undo a discriminatory decision is not a fresh act of discrimination.").

Although the disposition of this motion does not hinge on the obvious discrepancies between the contents of Plaintiff's affidavit and his complaint, the Court points them out. Plaintiff goes to great lengths to outline his rationale that it was "not until 2010 that I was advised by a physician at Rush Hospital that my continued treatment was unnecessary and [Defendant's] refusal to allow me to return to work was improper" and "upon realizing that I was injured by [Defendant] I immediately filed a claim with the Equal Employment Commission." (*Id.* at 8, 11). This statement is puzzling when compared to Plaintiff's EEOC claim which is clearly dated "October 7, 2009." (Ex. 1 to Cmplt.). In any event, regardless of whether the

claim was filed in 2009 or 2010, the actual injury occurred in 2006 when Plaintiff was not allowed to return to work.

Next, Plaintiff argues in passing that even if the Court accepted that Plaintiff's claim accrued in 2006, "the doctrine of fraudulent concealment and equitable estoppel would serve to toll the statute" because Defendant "was receiving Smith's medical reports yet continued to represent to him that further treatment was necessary." (Pl. Mem. at 4 (citing Pl. Aff. at ¶¶ 5-7)). In appropriate cases equitable doctrines such as equitable tolling and estoppel can excuse failures to comply with the time period for filing a charge. *Morgan*, 536 U.S. at 113-114. The doctrine of equitable tolling "permits a plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on his part he was unable to sue before, even though the defendant took no active steps to prevent him from suing." *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 561 (7th Cir. 1996) (quoting *Singletary v. Cont'l Illinois Nat'l Bank and Trust Co. of Chicago*, 9 F.3d 1236, 1241 (7th Cir. 1993)). Such may be the case if the plaintiff is unable to determine who caused his injury, has received inadequate notice, or if the appointment of counsel is pending. *Donald*, 95 F.3d at 562 (citing *Baldwin County Welcome Ctr. v. Brown*, 446 U.S. 147, 151 (1984)). "[T]olling does not provide a plaintiff with an automatic extension of indefinite duration; the plaintiff must file his charge with the EEOC within a reasonable period of time." *Hentosh v. Herman M. Finch Univ.*, 167 F.3d 1170, 1175 (7th Cir. 1999). Estoppel is primarily intended to redress situations where the employer conceals the very fact of discrimination or otherwise tries to prevent the employee from bringing a lawsuit. *Pelnarsh v. R.R. Donnelly & Sons Co.*, 348 Fed. Appx. 178, 181 (7th Cir. 2009).

In the instant case, Plaintiff makes no allegation that Defendant attempted to conceal the very fact of discrimination or that Defendant otherwise prevented Plaintiff from bringing his

lawsuit. *Id*. If Plaintiff is (as he argues) "not qualified to determine when he is medically able to return to work" (Pl. Mem. at 2), then presumably Defendant is not either. How could Defendant have hidden from Plaintiff the fact that Plaintiff himself had been cured of his alcoholism? Furthermore, Plaintiff cites to his affidavit for support of the argument in his reply that Defendant "continued to represent to him that further treatment was necessary." (Pl.'s Resp. at 5). But in his affidavit, Plaintiff merely states "I believed my treatment for alcoholism that began in 2006 was necessary and needed before I could return to work as an engineer for [Defendant]." (Pl.'s Aff. at ¶ 5). Nowhere in Plaintiff's affidavit (or the complaint) does Plaintiff state that Defendant represented to him that further treatment was necessary, or even that Defendant received Plaintiff's medical records. There is nothing in the complaint or attached documents to lead the Court to believe that any equitable doctrine is available to Plaintiff. Plaintiff appears to be a victim of his own conclusions in this case.

Given Plaintiff's acute awareness that not being allowed to return to work in 2006 caused him injury, there is no reason why he could not have filed an EEOC charge within 300 days following that event. Further, because the suit is time-barred, the dismissal is with prejudice. See, *e.g. Conover v. Lein*, 87 F.3d 905, 908 (7th Cir. 1996).[5]

---

[5] Defendant's motion to dismiss also calls attention to the arguable disconnect between the complaint and the original EEOC claim. (Mot. to Dismiss at 4). When a charge of discrimination alleges a particular theory of discrimination, allegations of a different type of discrimination in a subsequent complaint are not reasonably related to the original charge unless the allegations in the complaint can be reasonably inferred from the facts alleged in the charge. (Def.'s Reply Mem. at 4) (citing *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 503 (7th Cir. 1994). Unlike his complaint, Plaintiff's EEOC charge did not mention a record of impairment (alcoholism). However, the Court need not delve deeply into this issue because Plaintiff's claim is time barred in any event.

**IV.	Conclusion**

For the reasons set forth above, the Court grants Defendant's motion to dismiss Plaintiff's complaint [11].  Plaintiff's complaint is dismissed with prejudice and judgment is entered for Defendant and against Plaintiff.

Dated: June 30, 2011

_____
Robert M. Dow, Jr.
United States District Judge