**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

STANLEY SMITH, )
)
        Plaintiff, )
)     Case No. 1:11-CV-986
    v. )
)     Judge Robert M. Dow, Jr.
UNION PACIFIC RAILROAD, )
)
        Defendant. )

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, Defendant's motion to dismiss Plaintiff's amended complaint [41] is granted.

**I.      Background**

Before the Court is Defendant's motion to dismiss Plaintiff's amended complaint [41]. This is the second time that the Court has considered a motion to dismiss in this case. The Court granted Defendant's first motion and Plaintiff appealed to the Seventh Circuit. The details of that procedural history bear on the motion currently before the Court, so they are recounted in detail, beginning with the allegations in Plaintiff's original complaint.

Plaintiff started working for Defendant as an engineer in 1998. A year later, Plaintiff began treatment for alcoholism, sponsored by Defendant, and then returned to work. In 2005, Plaintiff voluntarily entered an out-patient program at Rush Behavioral at Defendant's recommendation and with its financial support. Plaintiff was not allowed to work during the program. The original complaint suggests that the parties had an agreement whereby Plaintiff

would be allowed to return to work when he successfully completed the program. Plaintiff claims to have done that in 2006. He wanted to return to work, but he was not allowed to do so because of his alcoholism. As Plaintiff put it in his original complaint, "[f]rom 2006 until July of 2010, [Defendant] refused to allow [Plaintiff] to return to work citing no other reason than his alcoholism."

Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 7, 2009. In his EEOC charge, Plaintiff alleged that the discrimination took place on March 31, 2009. The EEOC issued a notice of right to sue on November 18, 2010. Eighty-five days later, on February 11, 2011, Plaintiff filed a complaint asserting claims under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* On March 10, 2011, Defendant moved to dismiss. In his response to Defendant's motion filed on April 12, 2011, Plaintiff attached an affidavit explaining why he brought his claim in 2009 despite claiming that Defendant wrongfully prevented him from returning to work in 2006 — when he claims to have successfully completed his treatment. Because Plaintiff's affidavit was consistent with his complaint, the Court considered it in deciding Defendant's motion to dismiss.

In relevant part, Plaintiff stated in his affidavit that

I believed my treatment for alcoholism that began in 2006 was necessary and needed before I could return to work as an engineer for [Defendant].

Because of this, I continued my treatment for nearly four years.

It was not until 2010 that I was advised I had successfully completed my treatment for alcoholism years prior.

In the fall of 2010, I was advised by a physician at Rush Hospital that my continued treatment was unnecessary and [Defendant's] refusal to allow me to return to work was improper.

I did not believe I was harmed by [Defendant's] refusal to allow me to return to work until the fall of 2010.

> I did not realize that I was injured by [Defendant] until the fall of 2010.

> Upon realizing that I was injured by [Defendant] I immediately filed a claim with the [EEOC].

[See 15-1]. In Illinois, an employee may sue under the ADA only if he files his charge within 300 days after the alleged unlawful employment practice occurred. See *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004). It was easy for the Court to identify the "unlawful employment practice" because Plaintiff clearly identified it in his original complaint: "[Defendant] refused to allow [Plaintiff] to return to work in 2006 despite [Plaintiff's] ability to perform his job." Compl. ¶ 25. Plaintiff filed his EEOC charge on October 7, 2009, so if his claim accrued in 2006, it would be time-barred.

The Court considered two reasons that Plaintiff's claim may not have been time-barred: (1) the "discovery rule" and (2) "fraudulent concealment and equitable estoppel." The discovery rule "postpones the beginning of the limitations period from the date when the plaintiff is wronged to the date when he discovered he has been injured." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990). Plaintiff claimed he did not "discover" he was injured until "fall of 2010," when a doctor told him he was cured in 2006. But since Plaintiff admitted that he was aware that Defendant denied his return to work in 2006 — *i.e.*, that he was *injured* in 2006 — the discovery rule could not help him. For the purposes of the discovery rule, it does not matter that Plaintiff may have only learned in 2010 that his injury was *unlawful*. See *Sharp v. United Airlines, Inc.*, 236 F.3d 368, 372 (7th Cir. 2001). The Court also noted in passing that Plaintiff claimed not to have "discovered" his injury until 2010 despite having filed his EEOC claim in 2009.

The doctrines of equitable tolling and estoppel can excuse a failure to timely file an EEOC charge. See *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-14 (2002). Equitable tolling may excuse such a failure when, for instance, a plaintiff is unable to determine who caused his injury or if the appointment of counsel is pending. See *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 562 (7th Cir. 1996). Nothing like that happened in this case. Estoppel is intended to redress situations where the employer conceals the fact of discrimination or otherwise tries to prevent the employee from bringing a lawsuit. See *Pelnarsh v. R.R. Donnelly & Sons Co.*, 348 Fed. Appx. 178, 181 (7th Cir. 2009). Plaintiff, however, did not allege that Defendant attempted to conceal the very fact of discrimination from him or prevent him from suing. To the contrary, Plaintiff was aware that Defendant denied his return to work in 2006, and neither his original complaint nor his affidavit suggested that Defendant insisted further treatment was necessary. Plaintiff's affidavit states that "I believed my treatment for alcoholism that began in 2006 was necessary." In short, Defendant did not allege that (somehow) Defendant concealed from Plaintiff that he had been cured of his own alcoholism and could return to work.

The Court concluded that there were no grounds for tolling and that Plaintiff's claim therefore accrued in 2006. Because Plaintiff filed his EEOC charge in 2009, more than 300 days later, his claim was time-barred. The Court dismissed Plaintiff's claim with prejudice on June 30, 2011, and judgment was entered. On July 29, 2011, Plaintiff filed a notice of appeal.

On April 5, 2012, the Seventh Circuit issued an unpublished order concluding that "although dismissal was proper, it should have been without prejudice because [Plaintiff] may be able to cure the deficiencies in the complaint and surmount [Defendant's] affirmative defense of untimeliness." 474 Fed. Appx. 478, 479 (7th Cir. 2012). Dismissal under Rule 12(b)(6) on

grounds of untimeliness is disfavored and "the plaintiff is ordinarily entitled to at least one opportunity to cure the problem thorough amendment and pleadings." *Id.* at 481. The Seventh Circuit explained that in this case, "[i]n his response brief to the district court and in his briefing before us, [Plaintiff] has advanced a chronology that, if marshaled in an amended complaint, may render his charge of discrimination timely." *Id.*

The case was remanded and on May 31, 2012, Plaintiff filed an amended complaint [37]. Plaintiff's amended complaint renews his allegations of discrimination but also focuses on his reasons for not bringing an EEOC charge until 2009. According to the amended complaint, Defendant fraudulently concealed from Plaintiff the fact that he had successfully completed his treatment for alcoholism years earlier. For instance: "[Plaintiff] continued to seek treatment [after 2006] because [Defendant] advised him that he had not successfully completed his treatment for alcoholism." Amended Compl. ¶ 22. "From 2006 to 2010, [Defendant] required [Plaintiff] to remain in an alcohol treatment program, while concealing medical records and findings from him which showed that additional treatment was not necessary." Amended Compl. ¶ 28. Defendant has moved to dismiss [41].

## II.    **Legal Standard**

The purpose of a Rule 12(b)(6) motion to dismiss is not to decide the merits of the case; a Rule 12(b)(6) motion tests the sufficiency of the complaint. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss under Rule 12(b)(6), the Court takes as true all factual allegations in Plaintiff's complaint and draws all reasonable inferences in his favor. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). To survive a Rule 12(b)(6) motion to dismiss, the claim first must comply with Rule 8(a) by

providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the * * * claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original). The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *cf. Scott v. City of Chi.*, 195 F.3d 950, 952 (7th Cir. 1999) ("Whether a complaint provides notice, however, is determined by looking at the complaint as a whole.").

In general, a statute of limitations defense is not susceptible to disposition on a Rule 12(b)(6) motion to dismiss. However, "a statute of limitations defense [raised in a motion to dismiss] is appropriate where, 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations.'" *Adonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)); cf. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012) ("A plaintiff whose allegations show that there is an airtight defense has pleaded himself out of court, and the judge

may dismiss the suit on the pleadings under Rule 12(c). This comes to the same thing as a dismissal under Rule 12(b)(6), and opinions, including some by this court, often use the two interchangeably."). Plaintiff does not argue that the Court may not consider Defendant's argument that Plaintiff's claim is time-barred in this motion.

## III. Analysis

In its motion to dismiss Plaintiff's amended complaint, Defendant again argues that Plaintiff's claim is time-barred. However, instead of relying on the requirement that Plaintiff file his claim within 300 days after the alleged unlawful practice occurred, Defendant points to the obligation on the part of Plaintiff to bring his claim within 90 days of receiving a right-to-sue letter from the EEOC. According to Defendant, this case must be dismissed because Plaintiff did not file his amended complaint within 90 days of being issued a right-to-sue letter from the EEOC (or within the period during which the filing of his initial complaint tolled the running of the limitations clock). See *Houston v. Sidley & Austin*, 184 F.3d 837, 838-39 (7th Cir. 1999) ("Under the ADA, ADEA, and Title VII, a plaintiff must file her suit within 90 days from the date the EEOC gives notice of the right to sue."). After careful consideration of the parties' arguments and the controlling case law, the Court agrees.

To understand why, it is useful at the outset to recall the timeline: The EEOC issued Plaintiff a right-to-sue letter on November 18, 2010. Eighty-five days later, on February 11, 2011, Plaintiff filed his original complaint. On Defendant's motion, that complaint was dismissed with prejudice on June 30, 2011. On July 29, 2011, 29 days later, Plaintiff filed a notice of appeal. As already discussed, the Seventh Circuit concluded that dismissal was proper

but that it should have been *without* prejudice. That error corrected, the case was remanded. On May 31, 2012, Plaintiff filed his amended complaint.

Whether Plaintiff still could file a timely amended complaint following dismissal of his original complaint (with or without prejudice) was not before the Seventh Circuit. Neither the parties, nor this Court, nor the Seventh Circuit even mentioned the 90-day limitations period in the briefs and opinions predating the filing of Plaintiff's amended complaint. In fact, there was no basis for raising any such argument in the initial motion to dismiss, because Plaintiff's initial complaint was timely – it was filed on the 85th day after the EEOC issued its right-to-sue letter. To be sure, Defendant could have raised the argument as an alternative ground for affirmance in the court of appeals. But just because that issue was not raised either in the district court or on appeal during the first iteration of this lawsuit does not mean that the 90-day limitations period is irrelevant to this case on remand.[1] To the contrary, the Seventh Circuit has emphasized that "[d]istrict judges lack authority to extend statutory periods of limitations. A district judge can't say something like: 'The statute gives a plaintiff 90 days to sue, but this is too short, so I am extending the time to 14 months.'" *Lee v. Cook County, Ill.*, 635 F.3d 969, 972 (7th Cir. 2011). In other words, this case is not bound to continue only because the Seventh Circuit, considering entirely separate issues related to the 300-day limitations period for filing an EEOC charge, suggested that this case "*may*" have a future.[2]

---

[1] Defendant has not waived its right to challenge the timeliness of an amended complaint by failing to anticipate the issue in its motion to dismiss Plaintiff's original complaint or on appeal.

[2] At various points in his memorandum in opposition to Defendant's pending motion to dismiss, Plaintiff misstates the Seventh Circuit's ruling. See, *e.g.*, Pl. Mem. at 3 ("The allegations of the Amended Complaint are those that the Seventh Circuit stated that 'if marshaled into an amended complaint *would* render the cause of action timely.'") (emphasis added by the Court); *id*. ("And, here, the Seventh Circuit specifically allowed leave to amend finding that the complaint *would* be timely if the appropriate allegations were included.") (emphasis added by the Court).

The Seventh Circuit held that this Court properly dismissed the original complaint, but should have done so *without* prejudice. On remand, Plaintiff correctly notes he "was prevented from filing any Amended Complaint because of the dismissal of the original complaint with prejudice" [50, at 3]. But even if the original complaint had been dismissed *without* prejudice, by June 30, 2011, it already was too late for Plaintiff to file an amended complaint. See *Lee*, 635 F.3d at 971[3]; see also *Gray v. Dane County*, 854 F.2d 179, 185 (7th Cir. 1988) (dismissal with or without prejudice functionally equivalent where 90-day limitations period had already expired). That is because "a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed." *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000). In short, "if the suit is dismissed without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing." *Id.* at 1012; see also *Cannon v. Panasonic*, No. 11-cv-3417, slip op. at 2 (N.D. Ill. Mar. 6, 2012) ("when the court dismissed plaintiff's original complaint and terminated the case, even though without prejudice, it was already too late … to file an amended complaint … even though the court granted the plaintiffs until October 28, 2011, to file"). Here, if Plaintiff's case had been dismissed without prejudice and the limitations period were deemed to have continued running from the date on which Plaintiff's cause of action accrued – namely, November 18, 2010 – the

---

[3] To be sure, the *Lee* plaintiffs could have saved their claims by filing a timely appeal from the dismissal order. Because "[t]here was nothing wrong with the original complaint" (635 F.3d at 971) the district court's dismissal order was erroneous and a timely appeal "would have produced a remand with instructions to reinstate the suit in compliance with [FRCP] 20(b) and 21" (*id.* at 972). Here, by contrast, the court of appeals held that this Court "properly dismissed the complaint," but should have permitted Plaintiff an opportunity to file an amended complaint to allege facts that "may render his charge of discrimination timely."

dismissal (without prejudice) would have been 224 days after accrual and thus well beyond the 90 day limitations period.

Contrary to Plaintiff's contention, this Court's order dismissing the case "with prejudice" is not what "prevented Smith from timely filing his Amended Complaint." In fact, for purposes of the 90-day statute of limitations for filing ADA claims, this case presents the situation in which "a dismissal without prejudice" would have operated "effectively *with* prejudice" because the statute of limitations had run by the time that the Court ruled on – and granted – the motion to dismiss the original complaint. See *Elmore*, 227 F.3d at 1011; *Ammons v. Cook County* 2012 WL 2368320, at *3 (N.D. Ill. June 20, 2012); see also *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004) (noting that dismissal without prejudice could be "the functional equivalent of a dismissal with prejudice because the statute of limitations had run on at least some of the claims"). As Defendant points out, even though 85 of the 90 days had lapsed by the time Plaintiff filed his original complaint, Plaintiff did have one available escape hatch. The filing of the suit temporarily tolled the limitations clock from the date of filing through the date of the dismissal order, and Rule 15(a)(1)(B) would have permitted Plaintiff to amend "as a matter of course" within 21 days following the filing of Defendant's motion to dismiss. However, once Plaintiff elected to stand on his initial complaint in the face of a motion to dismiss, the die was cast in regard to Plaintiff's claim; if the complaint was dismissed, even without prejudice, any effort to file an amended complaint would be too late. Just because the Court erred in granting Defendant's motion to dismiss with prejudice (instead of without prejudice), Plaintiff is not entitled to proceed on the basis of an amended complaint that would have been time-barred absent that error.

The critical rule at work in this case — that a dismissal without prejudice is treated for statute of limitations purposes as if the suit had never been filed — may seem harsh. But it is an important rule, as the Seventh Circuit explained in *Elmore*:

> Were this not the rule, statutes of limitations would be easily nullified. The plaintiff could file a suit, dismiss it voluntarily the next day, and have forever to refile it. The strongest case for the rule that the running of the statute of limitations is unaffected by a dismissal without prejudice is therefore the case in which the plaintiff procured the dismissal, as by voluntarily dismissing the suit. [Citations omitted.] But that cannot place limits on the scope of the rule, since a plaintiff can almost always precipitate a dismissal without prejudice, for example by failing to serve the defendant properly or by failing to allege federal jurisdiction, even if he does not move to dismiss it. The rule is therefore as we stated it: when a suit is dismissed without prejudice, the statute of limitations is deemed unaffected by the filing of the suit, so that if the statute of limitations has run the dismissal is effectively with prejudice. [Citations omitted.]

227 F.3d at 1011. "The severity of the rule is mitigated * * * by equitable tolling." *Id.* But there is no reason to toll the 90-day limitations period in this case. Plaintiff filed his complaint 85 days after the EEOC granted him a right to sue. By the time this Court ruled on Defendant's motion to dismiss (more than 5 days later), the 90 days had passed, and Plaintiff could no longer file an amended complaint. See, e.g., *Royster v. UPS, Inc.*, 2012 U.S. Dist LEXIS 83134, at *3 (N.D. Ill. June 6, 2012) ("Because the Court dismissed the original complaint without prejudice, the statute of limitations was no longer tolled by the original filing and Royster's subsequent Amended Complaint had to be filed within the applicable 90-day period — which had expired."); *Cannon, et al. v. Panasonic, et al.*, 2012 U.S. Dist. LEXIS 83769, at *4 (N.D. Ill. March 6, 2012) ("Because plaintiff's original complaint was dismissed after the 90 day statute of limitations had run, the amended complaint was, and the proposed second amended complaint is untimely."); *Luevano v. Wal-Mart Stores, Inc.*, 2011 WL 1113401, at * 2 (N.D. Ill. March 24, 2011) (amended complaint following dismissal without prejudice filed beyond 90-day limitations period was untimely); *Lofton v. 18th Judicial Circuit*, 2009 WL 247132, at *2 (N.D. Ill. Aug. 10,

11

2009) ("In short, even if the claims Lofton originally made in the 2006 suit were not time-barred when she first filed them, they were undeniably time-barred when [following the dismissal of the first suit without prejudice] she refiled them the current suit, because far more than ninety days have passed since she received her notice of right to sue.").[4]

The timeliness of Plaintiff's amended complaint should not be confused with the other timeliness question in this case: the 300-day limitations period for filing a charge with the EEOC. In deciding Defendant's first motion to dismiss, this Court and then the Seventh Circuit considered whether Plaintiff had complied with that 300-day limitations period. This Court concluded that — based on his original complaint and affidavit — his EEOC charge was untimely (he alleged that he knew that he was harmed in 2006 and did not bring his EEOC charge until 2009, more than 300 days later). The Seventh Circuit agreed, but it also concluded that Plaintiff may be able to allege a different chronology in an amended complaint that would make his claim timely. But that guidance from the Seventh Circuit did not address, and indeed has no bearing on, the 90-day limitations period.

Tolling aside, Plaintiff argues that his amended complaint is timely because it "relates back" to his original complaint. See Fed R. Civ. P. 15(c). That is incorrect. Once his original complaint was dismissed, there is nothing for his amended complaint to "relate back" to. See *Newell v. Hanks*, 283 F.3d 827, 834 (7th Cir. 2002) (where original claim was dismissed without

---

[4] The combination of (1) a relatively short (90-day) limitations period and (2) the rule that an order dismissing a lawsuit wipes out the tolling effect of the filing of the suit (see *Elmore*, 227 F.3d at 1011-12) places a premium on stating a claim right out of the box in an ADA case like this one. As a practical matter, ADA plaintiffs generally will have only the two opportunities referenced above – the filing of the initial complaint and the opportunity to amend under Rule 15(a)(1)(B) – to frame a plausible claim, because a dismissal order entered more than 90 days after the issuance of a right-to-sue letter operates as the "functional equivalent of a dismissal with prejudice" regardless of whether it is styled as such. *Ciralsky*, 355 F.3d at 671. From the perspective of the claimant, these circumstances may counsel in favor of undertaking a more immediate and comprehensive assessment of the factual and legal basis for the claim than one might take in other kinds of cases as well as a conservative approach to amending the complaint in response to a motion to dismiss.

prejudice "'relation back' doctrine simply does not apply"); *Cannon*, 2012 U.S. Dist. LEXIS 83769, at *4 ("The 'relation back' doctrine is in applicable where dismissal of the initial complaint leaves nothing to which the new complaint can relate back."). If Plaintiff's amended complaint were to relate back to his original complaint, it would undermine the rule discussed in *Elmore* (and above), that "a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed." *Elmore*, 227 F.3d at 1011. Rule 15(c) would provide an easy workaround, and the 90-day limitations period for ADA and Title VII claims would be "easily nullified." *Id.*

## IV.     Conclusion

For the reasons stated above, Defendant's motion to dismiss Plaintiff's amended complaint [41] is granted. In addition, because this is an instance where the dismissal operates functionally as a dismissal with prejudice (see *Elmore*, 227 F.3d at 1011-12) with no plausible way of curing the time bar, the Court will enter judgment in favor of Defendant and against Plaintiff in accordance with Federal Rule of Civil Procedure 58.

Dated: February 7, 2013

_____
Robert M. Dow, Jr.
United States District Judge