## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 986 | **DATE** | 6/20/2013 |
| **CASE TITLE** | Smith vs. Union Pacific Railroad | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Defendant's petition for fees and costs [63] is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

In 2011 Plaintiff sued Defendant for violations of the ADA. Defendant moved to dismiss Plaintiff's case as untimely because it was based on alleged misconduct that occurred in 2006 and Plaintiff waited until 2009 to file his EEOC charge — more than 300 days after the alleged unlawful employment practice occurred. See *Stepney v. Naperville Sch. Dist.* 203, 392 F.3d 236, 239 (7th Cir. 2004). Plaintiff responded that his claim was saved by the discovery rule and "fraudulent concealment and equitable estoppel." The Court disagreed and dismissed Plaintiff's complaint with prejudice [19].

On appeal, the Seventh Circuit agreed that dismissal was proper but concluded that it should have been *without* prejudice: where dismissal under Rule 12(b)(6) is based on untimliness, "the plaintiff is ordinarily entitled to at least one opportunity to cure the problem thorough amendment and pleadings." 474 Fed. Appx. 478, 481 (7th Cir. 2012). The court of appeals then observed that "[i]n his response brief to the district court and in his briefing before us, [Plaintiff] has advanced a chronology that, if marshaled in an amended complaint, may render his charge of discrimination timely." *Id*.

Once remanded, Plaintiff filed an amended complaint attempting to do just what the Seventh Circuit suggested *might* make his claim timely. Defendant again moved to dismiss Plaintiff's complaint as untimely, this time because Plaintiff failed to bring his claim within 90 days of receiving a right-to-sue letter from the EEOC or within the period during which the filing of his initial complaint tolled the running of the limitations clock. See *Houston v. Sidley & Austin*, 184 F.3d 837, 838-39 (7th Cir. 1999) ("Under the ADA, ADEA, and Title VII, a plaintiff must file her suit within 90 days from the date the EEOC gives notice of the right to sue."). The Court ultimately agreed with Defendant that Plaintiff's claim was untimely and granted its motion to dismiss [55]. Plaintiff's appeal is pending in the Seventh Circuit.

Defendant has now moved for $60,941.98 in fees and costs [63]. The ADA gives the Court discretion to award fees to a "prevailing party." See *Adkins v. Briggs & Stratton Corp.*, 159 F.3d 306, 307 (7th Cir. 1998) (citing 42 U.S.C. § 12205). And "both employers and employees may 'prevail' and therefore recover fees under the Act." *Id.* Importantly, however, "the standard for awarding fees to employers is higher: an award of fees to an employer is appropriate only when the suit is brought in bad faith or when it is frivolous, unreasonable, or without foundation." *Id.* (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-

**STATEMENT**

22 (1978)). If the Court finds that Plaintiff's suit was frivolous it *may* award fees to Defendant; a finding that the suit was frivolous does not make an award of fees mandatory. *Id.*

Defendant believes that it is entitled to fees and costs because Plaintiff's original complaint *and* his amended complaint both were untimely. Plaintiff objects.

The Court concluded that Plaintiff's original complaint was untimely based on the allegations in the complaint and Plaintiff's representations to the Court consistent with his complaint. On appeal, the Seventh Circuit concluded that the Court made the correct determination about Plaintiff's complaint, but, as mentioned, it also said that if Plaintiff told the Court the story he was telling the Seventh Circuit, he *may* be able to state a claim. So, according to the Seventh Circuit, Plaintiff's suit had at least arguable merit, even if Plaintiff failed to show the district court how that was so.

According to Defendant, it was frivolous for Plaintiff to file an amended complaint once the case was remanded because his claim was obviously barred by the 90-day statute of limitations. The Court respectfully disagrees for several reasons. First, if it were so obvious that Plaintiff's amended complaint would be untimely, one would have expected Defendant to argue the point to the Seventh Circuit as an alternative ground for affirmance of this Court's original decision which, if accepted by the court of appeals, would have obviated the need for the entire second round of proceedings in the district court. Second, if the limitations problem were obvious, the Seventh Circuit likely would have mentioned it even without Defendant's help. Third, although the Court believes that it reached the correct conclusion in granting Defendant's motion to dismiss Plaintiff's amended complaint, it took considerable time and effort for the Court to satisfy itself that this was the correct outcome.

Thus, to agree with Defendant's argument that it is entitled to costs and fees, the Court would have to believe that the Seventh Circuit suggested to Plaintiff that he (1) file a frivolous amended complaint or (2) should have understood that if he did follow its hint and attempt to marshal a chronology that could overcome his problem with the 300-day limitations period, he would run straight into a problem with the 90-day limitations period, and so he should have disregarded the court of appeals' guidance in order to cut his losses. Neither is plausible. It was not unreasonable for Plaintiff to try again on remand.

Alternatively, assuming for the sake of argument that Plaintiff's decision to file an amended complaint was frivolous, this would be an appropriate occasion for the Court to exercise its discretion not to award fees and costs to a prevailing employer. In this instance, the Seventh Circuit's opinion operates as the functional equivalent of a safe harbor for Plaintiff and would make an award of fees and costs to Defendant extraordinarily unfair.

For all of these reasons, Defendant's motion for fees and costs [63] is denied.